UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE COLBERG, JR.,

                                                    Plaintiff,

-against-

UNITED STATES OF AMERICA,

                                                   Defendant.

**VERIFIED COMPLAINT**

Case No.:

Plaintiff GEORGE COLBERG, JR., by his attorneys, YUDIN & YUDIN, PLLC, as and for his Verified Complaint against defendant UNITED STATES OF AMERICA, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original and exclusive jurisdiction of this action under the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680) and under 1346(b)(1) of the Federal Rules of Civil Procedure, and further supplemental jurisdiction under Section 1367(a) of the Federal Rules of Civil Procedure.

2. Venue is proper in this judicial district under Section 1402(b) of the Federal Rules of Civil Procedure as the judicial district where the plaintiff resides and the judicial district wherein the acts and omissions complained of occurred.

**AS AND FOR A CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF, GEORGE COLBERG, JR.**

3. At all times hereinafter mentioned, plaintiff George Colberg, Jr. was and continues to be a resident of the County of Nassau, in the State of New York.

4. At all times hereinafter mentioned, defendant United States of America (the "United States") was and still is a governmental entity duly organized and existing under and by virtue of the laws of the United States of America.

5. Plaintiff George Colberg, Jr. has complied with all the conditions precedent to the bringing of this action and has complied with all of the provisions of Section 2401(b) of the Federal Rules of Civil Procedure, and in particular has presented a written claim to defendant United States (through the United States Postal Service) with a demand for judgment of same on September 6, 2018, within two (2) years after the claim herein below described arose.

6. The claim sought damages for plaintiff's personal injuries in the amount of one million five hundred thousand dollars ($1,500,000.00).

7. By letter dated October 12, 2018, defendant United States (through the United States Postal Service) acknowledged having received the claim on September 10, 2018 and advised plaintiff that the claim was under review. More than six (6) months have elapsed since defendant United States acknowledged having received the claim.

8. On April 11, 2019, defendant United States responded to the plaintiff's claim by email and extended a settlement offer to plaintiff (through his counsel), but the claim remains unadjusted.

9. Defendant United States had verified notice of the plaintiff's claim, setting forth the name and post office address of the plaintiff and his attorneys, the nature of the claim, the time, place and manner in which the claim arose and the injuries and damage sustained insofar as they were practicable.

10. This action has been commenced within two (2) years from the date of accident, September 17, 2017.

11. Upon information and belief, at all times hereinafter mentioned, defendant United States was the owner of a 2016 Ram motor vehicle bearing license plate no. 6425934 ("Defendant Vehicle").

12. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer was the operator of the Defendant Vehicle.

13. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer was the operator of the Defendant Vehicle while in the course and scope of her employment with defendant United States.

14. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer was the operator of the Defendant Vehicle with the permission and consent of defendant United States.

15. Upon information and belief, at all times hereinafter mentioned, defendant United States, its agents, servants or employees, controlled the Defendant Vehicle.

16. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer controlled the Defendant Vehicle.

17. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer controlled the Defendant Vehicle in the course and scope of her employment with defendant United States and with the permission and consent of defendant United States.

18. Upon information and belief, at all times hereinafter mentioned, defendant United States, its agents, servants or employees, maintained the Defendant Vehicle.

19. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer maintained the Defendant Vehicle.

20. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer maintained the Defendant Vehicle in the course and scope of her employment with defendant United States and with the permission and consent of defendant United States.

21. Upon information and belief, at all times hereinafter mentioned, defendant United States, its agents, servants or employees, repaired the Defendant Vehicle.

22. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer repaired the Defendant Vehicle.

23. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer repaired the Defendant Vehicle in the course and scope of her employment with defendant United States and with the permission and consent of defendant United States.

24. Upon information and belief, at all times hereinafter mentioned, defendant United States, its agents, servants or employees, inspected the Defendant Vehicle.

25. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer inspected the Defendant Vehicle.

26. Upon information and belief, at all times hereinafter mentioned, Melissa Palmer inspected the Defendant Vehicle in the course and scope of her employment with defendant United States and with the permission and consent of defendant United States.

27. Upon information and belief, at all times hereinafter mentioned, the Belt Parkway (907C) near the Rockaway Parkway (exit 13) exit ramp, Kings County, was and still is a public roadway.

28. Upon information and belief, on or about September 17, 2017, at approximately 6:45 P.M. of that day, the Defendant Vehicle owned by defendant United States was being operated by Melissa Palmer in the course and scope of her employment with defendant United States and

with the permission and consent of defendant United States in the eastbound direction on the Belt Parkway (907C) near the Rockaway Parkway (exit 13) exit ramp, Kings County.

29. On or about September 17, 2017, at approximately 6:45 P.M. of that day, plaintiff George Colberg, Jr. was lawfully operating a 2007 Nissan motor vehicle bearing New York license plate no. GDG7306 (the "Plaintiff Vehicle"), with the permission and consent of its owner John Rossi, also in the eastbound direction on the Belt Parkway (907C) near the Rockaway Parkway (exit 13) exit ramp, Kings County.

30. On or about September 17, 2017, at approximately 6:45 P.M. of that day, the Defendant Vehicle, being operated by Melissa Palmer in the course and scope of her employment with defendant United States and with the permission and consent of defendant United States in the eastbound direction on the Belt Parkway (907C) near the Rockaway Parkway (exit 13) exit ramp, Kings County, struck and came into contact with the rear end of the Plaintiff Vehicle while the Plaintiff Vehicle was stopped and/or stopping in traffic on said roadway, causing the Plaintiff Vehicle to come into contact with the motor vehicle in front of it.

31. Upon information and belief, the aforesaid contacts occurred on the Belt Parkway (907C) near the Rockaway Parkway (exit 13) exit ramp, Kings County New York.

32. As a result of the aforementioned occurrence and contact, plaintiff George Colberg, Jr. sustained serious personal injuries.

33. The aforementioned occurrence was the result of the negligence, recklessness and carelessness of the defendant United States, its agents, servants, employees and/or independent contractors in the ownership, operation, control, maintenance, inspection and repair of the Defendant Vehicle follows: in causing and permitting the Defendant Vehicle to strike and come into contact with the rear end of the Plaintiff Vehicle while the Plaintiff Vehicle was stopped

and/or stopping in traffic; in driving carelessly and/or recklessly; in proceeding at an excessive rate of speed; in failing to have the vehicle under proper and reasonable management, operation and control; in failing to provide and/or equip and/or make use of and/or keep in proper working order and/or permit timely use of adequate and efficient brakes and/or braking mechanisms; in failing to make prompt, proper and timely use of the steering mechanisms of the vehicle; in failing to inspect, repair and/or maintain the accelerator, braking and/or steering mechanism of the vehicle in proper and adequate condition of repair; in failing to observe the road; in failing to keep a reasonable, proper and safe distance between its vehicle and the Plaintiff Vehicle; in failing to give adequate warning of its approach; in failing to sound its horn or other warning signal; in failing to keep a proper lookout and observe the road and other motorists, including the plaintiff; in failing to slow down and/or stop at the location of the accident; in failing to observe the conditions of traffic then and there prevailing; in following and driving too closely to and behind the Plaintiff Vehicle; in failing to keep a safe and acceptable distance between vehicles; in failing to use due and proper care under the circumstances existing; in violating those rules, regulations and statutes in such cases made and provided for and in further violating the provisions of the Vehicle and Traffic Law and traffic regulations of the State of New York; and failing to avoid contact with the Plaintiff Vehicle.

34. The restrictions upon joint and several liability contained in Article 16 of the CPLR do not apply, as this claim falls within the exception contained in Section 1602(6) of the CPLR, dealing with the negligent operation of a motor vehicle.

35. The aforesaid occurrence and subsequent injuries to plaintiff George Colberg, Jr. were caused solely and exclusively due to the negligence of defendant United States without any conduct on the part of the plaintiff contributing thereto.

36. Plaintiff George Colberg, Jr. has sustained serious injuries as defined in subdivision (d) of Section 5102 of the Insurance Law of the State of New York and has sustained economic loss in excess of basic economic loss as defined in subsection (a) of section 5102 of the Insurance Law of the State of New York.

37. As a result of the aforesaid occurrence, plaintiff George Colberg, Jr. sustained severe, serious and permanent personal injuries to his mind and body; severe shock to his nerves and nervous system and extreme and severe physical pain, agony and mental anguish including but not limited to a right shoulder rotator cuff tear, labral tears, impingement and synovitis all of which required surgical repair, post-surgical adhesive capsulitis, recurrent labral tears and necessity for second surgical procedure, right knee medical meniscus tear, lateral meniscal tear, chondromalacia, exacerbation/activation of latent right knee pathology/injury all of which required surgical repair, and cervical spine injuries all with accompanying pain, limitation of motion and limitations of function and use, and was otherwise rendered sick, sore, lame and disabled; was confined to hospital, bed and home for a considerable period of time subsequent to the aforesaid occurrence; did suffer and will in the future suffer permanent effects of pain, disability, disfigurement and loss of bodily function, motion and use; was and will be incapacitated from attending his usual vocation, activities, duties and functions; and was and will be compelled to submit to medical and hospital aid, care and attention in order to be treated for his injuries.

38. By reason of the foregoing, plaintiff George Colberg, Jr. has been damaged in the amount of one million five hundred thousand dollars ($1,500,000.00).

WHEREFORE, plaintiff GEORGE COLBERG, JR. demands judgment in his favor against defendant UNITED STATES OF AMERICA in the amount of one million five hundred

thousand dollars ($1,500,000.00), together with any applicable interest, costs and disbursements of this action and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 14, 2019

**YUDIN & YUDIN, PLLC**

By: s/ Steven G. Yudin_____
    Steven G. Yudin (SGY 5071)

Attorneys for Plaintiff GEORGE COLBERG, JR.
370 Seventh Avenue, Suite 720
New York, New York 10001
(212) 949-7979

## VERIFICATION

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

Steven G. Yudin affirms the truth of the following statements under the penalties of perjury:

I am an attorney admitted to practice before the courts of this state and am a member of the firm of Yudin & Yudin, PLLC, attorneys for the plaintiff in this action.

I have read the foregoing Verified Complaint and know the contents thereof, and state that same is true and correct to my own knowledge, except as to matters therein alleged upon information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not the plaintiff is that the plaintiff does not reside in the county where I maintain my law office.

The grounds of my belief as to all matters not stated upon my own knowledge are (i) information supplied to me by the plaintiff through consultations and conversations, and (ii) documentary evidence.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
       June 14, 2019

                                        s/ Steven G. Yudin_____
                                        Steven G. Yudin (SGY 5071)